GREEN, J.,
delivered the opinion of the court. The counsel for the appellant very properly waved any claim to priority over the other creditors, in respect to the additional sums advanced by him to and for Beckwith, after the execution of the general deed of trust to Hite. And the counsel for the appellees, with equal propriety, waved any objection to the appellant’s priority, as to the 250 dollars advanced by him, and agreed to be charged on the mortgaged lands, by the indorsement on the deed of trust to Powell for his peculiar security, before the general deed of trust to Hite was executed.
The appellant was entitled to receive out of the proceeds of the mortgaged lands, the full amount of the debt originally secured to him by the deed of trust to Powell of the 9th October 1815, and the additional sum of 250 dollars charged upon the lands, by the indorsement on that deed, of the 3d June 1816, for which those instruments gave him a specific lien; and then to come, pari passu with the other creditors, in respect to the residue of his claims, into distribution of the residue of the fund. In the case of Heams v. Bance, 3 Atk. 630, lord Hardwicke held, that a mortgagee who had lent a further sum to the mortgagor on *380 bond, the mortgagor having created a trust by will for the payment *of debts, could not tack the bond, but as to that must come in pro rata with the other creditors, upon the equitable fund; and in an anonymous case, 2 Ves. sen. 662, that, in a similar case, when the debtor had conveyed the mortgaged property in trust for other creditors, the mortgagee as to the amount of his mortgage and two judgments which he was entitled to tack, had a priority over the creditors under the deed of trust; but that the bond was only a charge upon the general assets of the debtor who was dead.
The decree is, therefore, to be reversed, and a decree entered according to the principle here declared.